CALDER v DeWITT TOWNSHIP

Taxation—Townships—County Board of Commissioners—Approval of Assessment—Statutes.

  A township cannot levy and collect a tax that has not been approved by the county board of commissioners (MCLA 211.37; MSA 7.55).

Appeal from Tax Tribunal. Submitted March 8, 1977, at Lansing. (Docket No. 28181.) Decided May 17, 1977. Leave to appeal applied for.

Petition by Max Calder, Joan Calder, Robert Pope, Gertrude Pope, and others to the Tax Tribunal seeking a refund of special assessments paid under protest to DeWitt Township, Clinton County. Refunds granted. The township appeals. Affirmed.

*Church, Wyble, Kritselis & Tesseris* (by *J. Richard Robinson),* for defendant.

Before: Quinn, P. J., and Bronson, and M. J. Kelly, JJ.

Quinn, P. J. Plaintiffs filed a proceeding with the State Tax Tribunal seeking a refund of property taxes paid to defendant. The proceeding was filed as a class action but the Tax Tribunal determined that it had no authority to entertain a class action. However, the Tax Tribunal did grant the individual plaintiffs relief on the basis that the

REFERENCE FOR POINTS IN HEADNOTE

56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 189.

taxes collected were illegal taxes because defendant levied the taxes without the approval of the county commissioners. Defendant appeals pursuant to MCLA 205.753; MSA 7.650(53).

July 16, 1975, defendant's board of trustees established special assessment districts for the purpose of defraying the costs of the township fire and police departments. This action was taken pursuant to MCLA 41.801; MSA 5.2640(1) and MCLA 41.851; MSA 5.2640(31) and provided for a special assessment of one-half mill for each dollar of assessed valuation for each district. The supervisor was to spread the assessed amount on all properties within the special assessment districts.

August 20, 1975, the statutory public hearing was held on the special assessment districts and the proposed tax levy and the levy was accepted and approved. The township treasurer was authorized and directed to collect the special assessments.

September 10, 1975, petitions were filed with the township clerk pursuant to the statute calling for a referendum on the proposed levy. September 15, 1975, the clerk determined that there were insufficient signers on the petitions to call an election. On September 30, 1975, additional petitions were filed with the clerk. On that same day, the county clerk received for filing the township clerk's statement of proceedings filed pursuant to MCLA 211.36; MSA 7.54. (By the statute, this should have been filed by September 15, 1975.)

When these special assessments came before the county board of commissioners at its October 1975 session, certain taxpaying property owners had filed written objections to the proposed special assessments. As provided in MCLA 211.37; MSA 7.55, the board referred the matter to the prose-

cuting attorney. For reasons not pertinent to the question presented by this appeal, the prosecuting attorney advised the board not to approve the special assessments. By resolution dated October 14, 1975, the board disapproved the special assessments, but the township levied them in any event. Plaintiffs paid the special assessments under protest and then challenged their validity before the Tax Tribunal.

We do not agree with the defendant's statement of issues. The issue is: Can a township levy and collect a tax that has not been approved by the county board of commissioners? Under the provisions of MCLA 211.37; MSA 7.55, the answer is no. Under MCLA 205.731; MSA 7.650(31), the Tax Tribunal had jurisdiction to decide this question and did so properly.

Affirmed with costs to plaintiffs.